Bertram Harnett, J.
The surprisingly unsettled issue of *998 this case is the time limitation on bringing lawsuits for the tort of "abuse of process.” We hold this to be three years.
A. BACKGROUND OF CASE
According to the complaint, the defendants at different times brought three separate actions against the plaintiff Albert Levine (who is himself an attorney) for the same $690.20. Apparently, Royal Indemnity Co. retained Harry T. Sherman to collect this alleged debt. Defendants Joseph Termini and Kevin P. O’Malley, also attorneys, assisted Sherman in his quest.
All three actions were commenced in New York County Civil Court, the first on August 17, 1970. On January 5, 1971, for some reason, the second was commenced, but was dismissed because the first was still pending. On January 25, 1973, the first action was dismissed on the merits.
The third action was then commenced on March 7, 1973 and dismissed on April 16, 1973.
Reargument of the dismissal of the first action was denied. That order was appealed, but the Appellate Term dismissed the appeal on December 6, 1973 for failure to perfect it.
Now Albert Levine brings this action against Termini, O’Malley and Sherman’s estate, and another action against Royal Indemnity, both for abuse of process.
Defendant O’Malley moves here to dismiss the complaint against him because it is barred by the Statute of Limitations and because it fails to state a cause of action against him.
B. STATUTE OF LIMITATIONS
Levine commenced this action against O’Malley on February 12, 1976. The alleged abuse ended on December 6, 1973 when the appeal was dismissed. The interval involved is two and one-half years. Had the Statute of Limitations run out? How long is that limitation?
IS IT ONE YEAR?
CPLR 215 (subd 3) provides a one-year period for most intentional torts including false imprisonment and malicious prosecutions, both first cousins to abuse of process. But, the enumerated list of torts in that section does not mention "abuse of process.”
*999 IS IT THREE YEARS?
CPLR 214 provides a three-year period for actions "to recover damages for a personal injury except as provided in section 215” (subd 5).
IS IT SIX YEARS?
CPLR 213 (subd 1) provides a six-year period for actions for which no limitation is specifically prescribed by law.
In this case, we confront a Statute of Limitations defense in an abuse of process claim apparently for the first recorded time in New York. No case has been brought to our attention holding on the issue.
Logic might suggest that we include abuse of process with the one-year actions it resembles. After all, the fact that abuse of process and malicious prosecution both sprouted from the same ancient roots lends a certain reasonableness to such a conclusion. (Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397, 400, 401.)
It appears to us, however, that the statutory language of the CPLR compels the three-year conclusion. CPLR 215 offers a complete closed set of the one-year actions, and abuse of process is conspicuously absent. Unlike the definition of personal injury, section 37-a of the General Construction Law, the language here is not inclusive of unlisted torts. Nothing gives the court the power to add to this list. Only the Legislature can do that. Despite their kinship, abuse of process and malicious prosecution are separately classifiable torts with different composing elements. The elements of malice and legitimacy of process instituted vary. (Board of Educ. v Farmingdale, supra.) Plaintiff has not simply taken a one-year action and costumed it to pass within the three-year statute. (Morrison v National Broadcasting Co., 19 NY2d 453.) We can only speculate as to the reason for excluding abuse of process from the actions listed in CPLR 215. If this was indeed a legislative oversight, it is for the Legislature to correct.
CPLR 214 (subd 5), taken together with section 37-a of the General Construction Law, then, is the controlling provision. All personal injuries not covered under CPLR 215 fall under CPLR 214.
"Personal injury,” as defined in section 37-a of the General Construction Law, "includes libel, slander and malicious prosecution; also an assault, battery, false imprisonment, or other *1000 actionable injury to the person either of the plaintiff, or of another.”
The categorization in section 37-a of the General Construction Law of libel and slander, along with malicious prosecution, demonstrates that the term "personal injury” is not limited to a physical touching. It is not "bodily injury” as that term is sometimes used in insurance parlance. "Personal injury” includes injury, affront or detriment to any of the body, psyche, well-being, reputation, liberty, and sense of enjoyment of persons.
Since abuse of process is a personal injury provided for by CPLR 214, the six-year catchall of CPLR 213 for unspecified situations is inapplicable.
Accordingly, the Levine action brought within the three-year period of limitation is timely brought.
C. FAILURE TO STATE A CAUSE OF ACTION
The three lawsuits for the same relief which Levine had to defend, at least arguably, support his claims of abuse of process. The court’s process is abused when it is used to harass. (Board of Educ. v Farmingdale, supra.) The history of these actions is consistent with harassment. But, O’Malley seeks to dismiss the complaint as against him because he "only had limited involvement in this matter.” He tries to shift any blame to Sherman.
O’Malley worked for Sherman from January 15, 1973 to August, 1974, Levine claims, as "attorney of record.” Most of Levine’s complaints arise in that time.
On a motion to dismiss the moving party must take as true all of the reasonable inferences from facts pleaded by the opposing party. (Westhill Exports v Pope, 12 NY2d 491.)
Determination of the facts of O’Malley’s role with regard to the Levine actions must await trial. O’Malley’s own confession of "limited involvement” requires that the complaint survive this attack for legal insufficiency.
Accordingly, defendant Kevin P. O’Malley’s motion to dismiss is denied.
D. PROCEDURAL JOCKEYING
Pretrial proceedings have broken down as the parties bicker over who is supposed to do what first.
*1001 Levine has not answered O’Malley’s demand for a bill of particulars dated February 17, 1976. O’Malley failed to appear for examination before trial on March 18, 1976 in violation of Levine’s notice. No right or virtue emerges from all the squabbling, accusations and posturing. Hopefully, the court’s direction in the short form order signed today will cut through the bitterness.